IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRUNO E. CAMPBELL                                                                  PLAINTIFF

vs.                                   Civil No. 4:05-cv-04068

MICHAEL J. ASTRUE[1]                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Bruno E. Campbell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      The Plaintiff protectively filed his application for SSI on May 21, 2003. (Tr. 12, 54). The record indicates that this is the Plaintiff's fifth application for SSI. (Tr. 12). The Plaintiff

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

previously filed applications for SSI on May 26, 1988, January 4, 1991, August 11, 1998, and April 21, 2000. (Tr. 12). The record indicates the ALJ denied all four of these previous applications, these applications are not subject to reopening,[3] and the ALJ did not consider any of these applications in his June 21, 2005 decision. (Tr. 12). The Plaintiff's May 21, 2003 application alleged an onset date of May 12, 2003 due to knee and back pain, blindness in the left eye, and poor vision in the right eye. (Tr. 13, 74). This application was initially denied on September 18, 2003 and was denied again on reconsideration on March 4, 2004. (Tr. 23, 27-30, 32-33). The Plaintiff requested an administrative hearing which was held on January 6, 2005 in Texarkana, Arkansas. (Tr. 12, 164-218). The Plaintiff was present and was represented by counsel, Denver L. Thornton, at the hearing. (Tr. 12, 164-218). The Plaintiff and Ken Waits (a vocational expert) testified at the hearing. (Tr. 12, 164-218). At the time of the hearing, the Plaintiff was fifty-four years old and had a seventh grade education. (Tr. 12, 168). The Plaintiff also testified that his wife received social security disability benefits and that both he and his wife received food stamps. (Tr. 170).

On June 21, 2005, the ALJ entered an unfavorable decision and denied the Plaintiff's request for disability benefits. (Tr. 12-20). The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 19, Finding 1). The ALJ determined the Plaintiff's degenerative joint disease of the right knee, status post open reduction internal fixation of the right knee, degenerative disc disease, and blindness of the left eye were "severe" impairments. (Tr. 19, Finding 2). However, the ALJ also concluded the Plaintiff's impairment or combination of impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 19, Finding 19).

---

[3] *See* 20 C.F.R. § 404.988 (2007).

The ALJ also determined the Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 19, Finding 5). The Plaintiff claimed he was unable to work because he had trouble reading and writing, he was blind in his left eye, he had trouble with his hand grip, his right leg hurt, and he became short of breath after walking short distances. (Tr. 16). The ALJ analyzed these subjective complaints. (Tr. 15-19). The ALJ concluded these subjective complaints were not credible based upon the Plaintiff's medical records and the Plaintiff's daily activities and due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr. 15-19). Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to perform a significant range of light work. (Tr. 20, Findings 5 and 9). Specifically, the ALJ found the Plaintiff retained the RFC to do the following:

> Lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk six hours of an eight-hour workday; and sit six hours of an eight-hour workday. Due to left eye blindness, claimant is precluded from working with small objects or performing work requiring binocular vision and depth perception. In other words, claimant can perform a wide range of "light" work.

(Tr. 20, Finding 5).

The ALJ determined the Plaintiff did not have any Past Relevant Work ("PRW") because he had not engaged in any substantial gainful activity in the past fifteen years. (Tr. 18, 181-188). The ALJ also determined that, based upon the Plaintiff's RFC, age, education, and work experience, he was functionally capable of performing work that exists in significant numbers in the national economy. (Tr. 20, Finding 10). Vocational Expert ("VE") Ken Waits testified at the administrative hearing and addressed this issue. (Tr. 12, 200-213). The VE testified that a hypothetical person with the same RFC, age, education, and work experience as the Plaintiff could perform work as a

3

bottle packer, *Dictionary of Occupational Titles* (DOT) code 920.685.026. (Tr. 211). The VE testified that there are 154,000 jobs as bottle packers in the United States, 5,000 in Arkansas, and 1,400 in Louisiana. (Tr. 210-211). Based upon this testimony, the ALJ concluded the Plaintiff was not disabled. (Tr. 20, Finding 10).

On July 27, 2005, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 4-6). On September 28, 2005, the Plaintiff filed the present appeal. (Doc. No. 1). This case was referred to the undersigned on April 11, 2007. The Plaintiff and the Defendant have both filed appeal briefs. (Doc. Nos. 9, 11). This case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden

4

of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether an adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. Discussion:**

The Plaintiff brings the present appeal claiming (1) the ALJ erred in determining the Plaintiff had the RFC to perform light work and (2) the ALJ erred by failing to send the Plaintiff

5

to a specialist for a psychological evaluation prior to making his disability determination. (Doc. No. 9, Page 3). Specifically, the Plaintiff claims that he is unable to stand or walk six hours out of an eight-hour day. The Plaintiff argues that this limitation is supported both by his subjective complaints and by his medical records. The Plaintiff also argues that the ALJ should have sent him to a specialist for further psychological evaluation because he "could very well be mentally retarded to some degree" and this mental retardation could have been properly evaluated had the Plaintiff been sent to see a specialist. The Defendant argues that the ALJ's RFC determination was supported by substantial evidence and was properly based upon the results from two consultative examinations that the Plaintiff underwent in 2000 and 2003. (Doc. No. 11, Page 4). The Defendant also argues the ALJ's error, if any, in failing to send the Plaintiff to a specialist does not require a remand because the Plaintiff was not prejudiced by the ALJ's alleged failure. (Doc. No. 11, Page 7). This Court will address these arguments in order.

In general, the ALJ is responsible for assessing a claimant's RFC based upon all relevant evidence. *See Roberts v. Apfel,* 222 F.3d 466, 469 (8th Cir. 2000). Such relevant evidence includes medical records, observations of treating physicians and others, and the plaintiff's own claim of his or her own limitations. *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995). Furthermore, the ALJ is required to base his or her RFC determination upon *some* medical evidence. *See Frankl v. Shalala,* 47 F.3d 935, 938-39 (8th Cir. 1995). Absent some medical evidence supporting the ALJ's RFC determination, the ALJ's RFC determination cannot be affirmed. *See id.*; *accord Anderson,* 51 F.3d at 779. The ALJ, however, is not always required to request or to order medical records in addition to those already contained in the record. *See Anderson,* 51 F.3d at 779. As long as the ALJ's RFC determination is supported by some evidence, the ALJ is permitted to issue a decision without first obtaining additional medical records. *See id.*

In the two controlling cases on this issue, *Frankl v. Shalala,* 47 F.3d 935 (8th Cir. 1995) and *Anderson v. Shalala,* 51 F.3d 777 (8th Cir. 1995), the Eighth Circuit addressed whether the ALJs in those cases had obtained sufficient medical records or evidence to support their RFC determinations. *See Frankl,* 47 F.3d at 935. In *Frankl,* the Eighth Circuit held that the ALJ's RFC determination was not supported by sufficient medical evidence. In that case, the ALJ based his RFC determination almost entirely on medical progress notes that were dated September of 1990, over a year before the Plaintiff's December of 1991 hearing. *See id.* at 935. These medical progress notes indicated that the plaintiff's condition had improved, but the plaintiff's later medical records, dated after September of 1990, indicated that the plaintiff's condition had not improved. *See id.* The Eighth Circuit found the ALJ had improperly relied upon the September of 1990 medical progress notes because they were dated over a year before the administrative hearing and were inconsistent with the plaintiff's later medical records. *See id.*

In *Anderson,* the Eighth Circuit held that the ALJ's RFC determination was supported by sufficient medical evidence. *See Anderson,* 51 F.3d at 779. In that case, the ALJ based his RFC determination upon the opinions of two reviewing physicians and upon his independent review of the medical records. *See id.* The ALJ noted that the medical records that dated from 1989 until 1991 indicated that the plaintiff's pain had been alleviated and that the plaintiff was not restricted in her ability to work. *See id.* at 780. The ALJ also relied upon a July 1991 consultative examination which found that, even with the plaintiff's claimed impairments, the plaintiff had no work restrictions. *See id.* The Eighth Circuit noted that the ALJ properly based his RFC determination on *some* medical evidence (the July 1991 consultative examination), and the Eighth Circuit affirmed the ALJ's decision based upon this finding. *See id.*

In the present action, the ALJ made his RFC determination based upon only a few medical

7

records. Specifically, the ALJ based his decision upon four medical records: the general physical examination report by Dr. Chandler dated August 9, 2000, the general physical examination report by Dr. Michael Young dated September 8, 2003, and medical records from Stamps Medical Center dated November 26, 2003 and December 3, 2003. (Tr. 125-163).

The report by Dr. Chandler, dated August 9, 2000, indicated that the Plaintiff would not be able to perform light work: ". . . Patient would have difficulty walking, handling, carrying, lifting, and handling heavy objects due to back and neck pain and blindness in left eye." (Tr. 131). The report from Dr. Young, dated September 8, 2003, is consistent with Dr. Chandler's report: "Diagnosis: (1) degenerative disc disease, (2) blind OS 2° [secondary to] corneal scar, (3) osteoarthritis." (Tr. 138). Dr. Young did not reach any conclusions regarding the Plaintiff's work limitations, and his other findings were generally consistent with Dr. Chandler's findings regarding the Plaintiff's limitations. The records from Stamps Medical Center, dated November 26, 2003 and December 3, 2003, are very limited and appear to only relate to the respiratory problems suffered by the Plaintiff. (Tr. 159-163).

This Court finds these medical records are insufficient to support the ALJ's RFC determination that the Plaintiff can perform light work. The only medical records of any significance in this case–the August 9, 2000 report and the September 8, 2003 report–support the Plaintiff's subjective complaints of pain and indicate that the Plaintiff's condition has not improved. These records do not support the ALJ's RFC determination. Furthermore, these records are dated almost two years prior to the Plaintiff's hearing and should not have been used, under the facts of this case, as the only evidence supporting this ALJ's RFC determination. Thus, after reviewing the entire transcript in this action, this Court finds there is no medical evidence in this case supporting the ALJ's RFC determination. Pursuant to the Eighth Circuit's opinion in *Frankl v. Shalala,* 47

F.3d 935 (8th Cir. 1995), this Court cannot affirm an ALJ's decision where the ALJ's RFC determination is not supported by at least *some* medical evidence, and this Court will not affirm the ALJ's decision in the present action.[4]

As his second argument, the Plaintiff claims that the ALJ should have sent him to a psychiatric specialist for an evaluation. (Doc. No. 9, Pages 6-12). Specifically, the Plaintiff claims the ALJ should have sent him to a psychiatric specialist because of Plaintiff's unusual behavior and comments at the administrative hearing. Nothing in the record, however, indicates that the Plaintiff suffers from a mental impairment or needed to be sent to a psychiatric specialist for an evaluation. Furthermore, the Plaintiff stated in his original application that he only suffers from physical, not mental, impairments. (Tr. 74). Therefore, the ALJ did not error in failing to send the Plaintiff to a psychiatric specialist for an evaluation.

## 4. Conclusion:

Based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

On remand, the ALJ is directed to more fully and fairly develop the record regarding plaintiff's literacy. Should further testing be required, tests such as the Wechsler Individual Achievement Test (WIAT), the Wide Range Achievement Test 3 (WRAT3), or the Woodcock-Johnson Psychoeducational Battery– Revised: Tests of Achievement (WJ-R ACH) may be used and are designed to measure people's ability to, among other things, read and write. If the ALJ

---

[4] The Plaintiff claims that the record is incomplete because the Plaintiff was unable to afford medical treatment. (Doc. No. 9, Page 4). It is the ALJ's responsibility to fully and fairly develop the record, regardless of the Plaintiff's ability or inability to pay. *See Snead v. Barnhart,* 360 F.3d 834, 838. Therefore, the ALJ is required to order as many additional medical examinations or consultations as are needed to fully and fairly develop the record.

determines plaintiff is in fact illiterate, he should include this fact in the hypothetical questions to the VE.

**ENTERED** this **18th day of May, 2007.**

                                                                 /s/   Barry A. Bryant
                                                              Honorable Barry A. Bryant
                                                              United States Magistrate Judge